**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Progressive Northern Insurance Company, Respondent,

v.

Gloria Oliver, Richard Prothro, and Sharon Prothro, Defendants,

Of whom Gloria Oliver is the Appellant.

Appellate Case No. 2022-000703

---

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-168
Submitted April 1, 2024 – Filed May 8, 2024

---

**AFFIRMED**

---

Joseph Thomas McElveen, III, and John Richard Moorman, both of Bryan Law Firm of SC, L.L.P., of Sumter, for Appellant.

John Robert Murphy, Wesley Brian Sawyer, and Sarah Elizabeth Caiello, all of Murphy & Grantland, PA, of Columbia, for Respondent.

---

**PER CURIAM:** Gloria Oliver (Oliver) appeals the circuit court's order granting summary judgment to Progressive Northern Insurance Company (Progressive). On appeal, Oliver argues she was an "insured" as a guest in a car rendered uninsured when it was driven by a driver without coverage; therefore, she was entitled to uninsured motorist (UM) coverage. She argues that to disallow her coverage would lead to an "absurd result" that goes against public policy. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in granting Progressive's summary judgment motion based on the "Named Driver Exclusion Endorsement" (the Exclusion) signed by the owner of the car. *See United Servs. Auto. Ass'n v. Pickens*, 434 S.C. 60, 64, 862 S.E.2d 442, 444 (2021) ("When parties file cross-motions for summary judgment, the issue is decided as a matter of law."); *id.* ("Further, the interpretation of a statute is a question of law, which we review de novo." (quoting *Neumayer v. Philadelphia Indem. Ins. Co.*, 427 S.C. 261, 265, 831 S.E.2d 406, 408 (2019))); S.C. Code Ann. § 38-77-340 (2015) ("Notwithstanding the definition of 'insured' in [s]ection 38-77-30 [of the South Carolina Code (2015)], the insurer and any named insured must, by the terms of a written amendatory endorsement, the form of which has been approved by the director or his designee, agree that coverage under such a policy of liability insurance shall not apply while the motor vehicle is being operated by a natural person designated by name. The agreement, when signed by the named insured, is binding upon every insured to whom the policy applies . . . ."). Here, the owner of the car signed the Exclusion that excluded her husband from coverage when driving the car. The Exclusion under Progressive's policy stated, "No coverage is provided for any claim arising from an accident or loss involving a motorized vehicle being operated by an excluded person." It is undisputed that the husband was driving the car at the time of the incident; therefore, coverage was precluded. *See Nationwide Ins. Co. of Am. v. Knight*, 433 S.C. 371, 375, 858 S.E.2d 633, 635 (2021) (holding the exclusion at issue was "unambiguous and clearly provide[d] 'all coverages' are 'not in effect' while [a named driver] is operating 'any motor vehicle'"); *Pickens,* 434 S.C. at 63, 862 S.E.2d at 443 (holding "where the parties agree to exclude coverage when a named driver is operating a vehicle, that exclusion extends to all forms of coverage in the policy" including UM coverage). Although Oliver argues she should be covered as an innocent guest passenger in the car, South Carolina appellate courts have determined we will not make public policy decisions that were not intended by the legislature. *See Knight,* 433 S.C. at 376, 858 S.E.2d at 635 ("To be clear, however, this Court has no authority to invalidate an automobile insurance policy provision simply because we believe it is inconsistent with our own notion of 'public policy.'"). In *Pickens*, our supreme court specifically answered the question at

issue, finding the plain language of section 38-77-340 "expressly answers" the question of whether an exclusion defeats the purpose of providing UM coverage, "by stating: 'The agreement, when signed by the named insured, *is binding upon every insured to whom the policy applies* and any substitution or renewal of it.'" 434 at 66-67, 862 S.E.2d at 445 (quoting § 38-77-340 (emphasis added)). Accordingly, we hold the circuit court did not err and affirm the grant of summary judgment for Progressive.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.